UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | DOCKET NO. 5:25-cr-19 |
| v. ) | |
| ) | **FACTUAL BASIS** |
| TOMORRIS MONTE GEIGER ) | |

NOW COMES the United States of America, by and through Russ Ferguson, United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis in support of the plea agreement filed simultaneously in this matter.

This Factual Basis is filed pursuant to Local Criminal Rule 11.2 and does not attempt to set forth all of the facts known to the United States at this time. By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea(s) that the defendant will tender pursuant to the plea agreement, and that the facts set forth in this Factual Basis are sufficient to establish all of the elements of the crime(s). The parties agree not to object to or otherwise contradict the facts set forth in this Factual Basis.

Upon acceptance of the plea, the United States will submit to the Probation Office a "Statement of Relevant Conduct" pursuant to Local Criminal Rule 32.4. The defendant may submit (but is not required to submit) a response to the Government's "Statement of Relevant Conduct" within seven days of its submission. The parties understand and agree that this Factual Basis does not necessarily represent all conduct relevant to sentencing. The parties agree that they have the right to object to facts set forth in the presentence report that are not contained in this Factual Basis. Either party may present to the Court additional relevant facts that do not contradict facts set forth in this Factual Basis.

1. Beginning as early as 2020, and continuing until at least 2022, TOMORRIS MONTE GEIGER ("GEIGER") conspired with Joseph Jones ("Jones") and others, known and unknown to the United States, to engage in a scheme to fraudulently obtain property from victim businesses located in Georgia, North Carolina, Virginia, West Virginia and elsewhere. GEIGER and his coconspirators accomplished the fraudulent scheme through the use of stolen credit card information of unsuspecting cardholder victims.

2. GEIGER acted as an organizer of the scheme while incarcerated in a Georgia state prison and used his coconspirators to carry out the scheme throughout the southeastern United States. During the fraud scheme, GEIGER and his coconspirators fraudulently obtained or attempted to fraudulently obtain more than $550,000 worth of goods, primarily vehicle tires.

3. Specifically, beginning as early as May of 2020 and continuing thereafter until at least March 2022, in Iredell County, within the Western District of North Carolina and elsewhere,

the defendant, GEIGER, knowingly and willfully combined, conspired and agreed with others, known and unknown to the United States, to commit an offense against the laws of the United States, that is: to unlawfully transport and cause to be transported in interstate and foreign commerce goods, wares, and merchandise, to wit: vehicle tires and other goods, having a value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud, in violation of Title 18, United States Code, Section 2314.

4. The conspiracy to transport property obtained through fraudulent means generally operated as follows:

   a) GEIGER and his coconspirators collected stolen credit card information and other personally identifiable information ("PII") from unsuspecting victims, including by obtaining the information from underground websites on the internet.

   b) GEIGER and his coconspirators would then use the stolen credit card information to make purchases, often through phone calls, from victim businesses for various goods, including vehicle tires and furniture.

   c) Jones and other coconspirators participated in the scheme by picking up the items fraudulently purchased by GEIGER. The victim businesses provided the fraudulently purchased items to Jones and other coconspirators before the victim businesses realized the credit card transactions were fraudulent.

   d) Jones and other coconspirators routinely transported the fraudulently obtained property across state lines.

5. In furtherance of the conspiracy and to effect the objects and purposes thereof, GEIGER and his coconspirators committed in the Western District of North Carolina and elsewhere, the following overt acts, among others:

   a) On or about January 27, 2022, Jones, directed by GEIGER and aided by coconspirators, picked up fraudulently purchased vehicle tires from victim businesses in Forest City and Rutherfordton, North Carolina.

   b) Between January 2022 and February 2022, a coconspirator, directed by GEIGER and aided by coconspirators, picked up fraudulently purchased vehicle tires from a victim business with locations in Waynesville and Hendersonville, North Carolina.

2

c) On or about February 4, 2022, Jones, directed by GEIGER and aided by coconspirators, picked up fraudulently purchased vehicle tires from a different victim business located in Waynesville, North Carolina.

d) On or about February 8, 2022, Jones, directed by GEIGER and aided by coconspirators, picked up fraudulently purchased vehicle tires from yet another victim business located in Waynesville, North Carolina.

e) Between February 2022 and March 2022, Jones, directed by GEIGER and aided by coconspirators, picked up fraudulently purchased vehicle tires from a victim business in Independence, Virginia.

f) Between February 2022 and March 2022, Jones, directed by GEIGER and aided by coconspirators, picked up fraudulently purchased vehicle tires from a victim business in Princeton, West Virginia.

g) On March 10, 2022, Jones was arrested in Mooresville, North Carolina, while in possession of dozens of fraudulently obtained vehicle tires in the back of a Penske truck. Many of the tires were fraudulently obtained in Virginia and West Virginia and were worth more than $5,000.

6. The amount of loss related to stolen property in the conspiracy that was reasonably foreseeable to GEIGER was more than $550,000, but less than $1.5 million dollars. In addition, it was reasonably foreseeable to GEIGER that there were ten or more victims of the scheme. And GEIGER was in the business of receiving and selling fraudulently obtained goods.

RUSS FERGUSON
UNITED STATES ATTORNEY

WILLIAM T. BOZIN and BRIAN KENNEY
ASSISTANT UNITED STATES ATTORNEYS

### Defendant's Counsel's Signature and Acknowledgment

I have read this Factual Basis, the Bill of Information, and the plea agreement in this case, and have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Bill of Information, and the plea agreement. I hereby certify that the defendant does not dispute this Factual Basis.

_____  DATED: 4/21/25
Nicole Lybrand and Elizabeth Gerber, Attorneys for Defendant

4